**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **GENEVIEVE RAMIREZ, #04892-017,** ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 3:05-CV-1393-N |
| ) | |
| **VAN BUREN, Warden,** ) | |
| Respondent. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case:  This is a petition for a writ of habeas corpus brought by a federal prisoner pursuant to 28 U.S.C. § 2241.[1]

Parties:  Petitioner is currently confined at the Federal Medical Center (FMC) Carswell in Fort Worth, Texas. Respondent is the warden at FMC Carswell. The court has not issued process pending a preliminary screening of the habeas petition.

Statement of Fact:  Petitioner was convicted in the Northern District of Florida, Pensacola Division, of conspiracy to possess with the intent to distribute more than 1000

---

[1] This action was initially filed in the United States District Court for Northern District of Florida, Panama City Division, which in turn transferred it to this court on July 6, 2005. Ramirez v. Van Buren, 5:04cv263 (N.D. Fla, Filed on Sept. 22, 2004).

kilograms of marijuana.  United States v. Ramirez, 3:00cr49-RV(02) (N.D. Fla.).  Punishment was assessed at twelve years imprisonment on October 31, 2000.  (Petition (Pet.) at 2, 8, and 11).

In this action Petitioner challenges the BOP's calculation of good time credits under 18 U.S.C. § 3624(b). (Pet. at 1-2).  She seeks credit for an additional seven days of good-time credits for each year that she will serve for her sentence – namely, the difference between the 47 days of good time credits that she will earn for each year served in prison, and the 54 days she claims to be entitled to for every year imposed at the time of sentencing. (Pet. at 1-3).[2]

Findings and Conclusions:  The Fifth Circuit recently addressed the challenge to the method of the BOP's calculation of good time credits as alleged in this case.  See Sample v. Morrison, 406 F.3d 310, 312-13 (5th Cir. 2005) (per curiam).  It concluded that Sample's claim was not ripe for judicial review because he was not eligible for release until 2012.  "Given the temporally distant and speculative nature of Sample's claim, his allegations do not establish that 'he will sustain immediate injury' and 'that such injury would be redressed by the relief requested.' "  Id. at 312.  As a result, the Fifth Circuit dismissed the appeal for lack of subject matter jurisdiction.  Id.

---

[2] Federal prisoners must exhaust administrative remedies before seeking habeas relief in federal court under 28 U.S.C. § 2241.  Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994). Exceptions to the exhaustion requirement apply only in "extraordinary circumstances" when administrative remedies are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." Id.

Petitioner concedes she did not fully exhaust her administrative remedies before filing this action. (Pet. at 3-4).  She argues, however, that exhaustion is futile.  (Id. at 22).  The court agrees.  The Bureau of Prison has adopted a uniform policy to calculate the amount of good time awarded per year under 18 U.S.C. § 3624(b)(1), expressed in 28 C.F.R. § 523.20.  In light of the BOP's established policy, it would be patently futile to require Petitioner to continue seeking an administrative remedy.  Thus, the court will review the petition on the merits.  See Moreland v. Federal Bureau of Prisons, 363 F. Supp. 2d 882, 885 (S.D. Tex. 2005).

2

Assuming *arguendo* that it had subject matter jurisdiction, the Fifth Circuit "disagree[d] with . . . [the petitioner's] contention that the 'plain language' of 18 U.S.C. § 3624(b)(1) requires that his good time credit be computed in a manner that would award him '54 days' for each year of his 'term of imprisonment' based on the 'sentence actually imposed by the sentencing judge.'" Id. at 313. The Fifth Circuit then held that the statutory language of § 3624(b) was ambiguous and, thus, that the BOP's interpretation thereof was entitled to deference under Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 844, 104 S. Ct. 2778, 2782, 81 L. Ed. 2d 694 (1984). See Sample, 406 F.3d at 313 (agreeing with the holding of White v. Scibana, 390 F.3d 997, 999-1003 (7th Cir. 2004), cert. denied, 125 S.Ct. 2921 (2005); Pacheco-Camacho v. Hood, 272 F.3d 1266, 1269-71 (9th Cir. 2001), cert. denied, 535 U.S. 1105 (2002)). See also Perez-Olivio v. Chavez, 394 F.3d 45, 48-54 (1st Cir. 2005).

Just like Sample, Petitioner will not be eligible for release before 2010. (Pet. at 8). Therefore, her challenge to the method of the BOP's calculation of good time credits is not ripe for judicial review and should be dismissed for lack of subject matter jurisdiction. Sample, 406 F.3d at 312-13. Even assuming *arguendo* that this court would have subject matter jurisdiction, it concludes that Petitioner's claim lacks any merit because the BOP's interpretation of 18 U.S.C. § 3624(b), as embodied in 28 C.F.R. § 523.20, is reasonable and entitled to deference under Chevron. Id. at 313.[3]

---

[3]   Petitioner relies on Crandon v. United States, 494 U.S. 152, 110 S. Ct. 997, 108 L. Ed. 2d 132 (1990), to argue that the rule of deference does not apply to ambiguous criminal statutes. (Pet. at 19-21). As the concurring opinion cited by Petitioner demonstrates, Crandon is easily distinguishable from the case presently before the court. There, Justice Scalia explained that the Justice Department's interpretation was not entitled to deference because:
> The law in question, a criminal statute, is not administered by any agency but by the courts. It is entirely reasonable and understandable that federal officials

3

RECOMMENDATION:

For the foregoing reasons it is recommended that the habeas corpus petition be dismissed for want of jurisdiction or in the alternative that relief be denied

A copy of this recommendation will be mailed to Petitioner.

Signed this 10th day of August, 2005.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE


NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

---

should make available to their employees legal advice regarding its interpretation; and in a general way all agencies of the Government must interpret it in order to assure that the behavior of their employees is lawful--just as they must interpret innumerable other civil and criminal provisions in order to operate lawfully; but that is not the sort of specific responsibility for administering the law that triggers Chevron.

Id. at 177, 110 S.Ct. 997.

Here, of course, the law in question is indisputably administered by the BOP, which is charged with determining whether each eligible prisoner has earned good time credit within a given year, as well as the amount of credit that the prisoner is entitled to receive, and the date on which the prisoner has served out his sentence. 18 U.S.C. § 3624. This is precisely the "sort of specific responsibility for administering the law that triggers Chevron." Crandon, 494 U.S. at 177, 110 S. Ct. 997. As such, this court finds Crandon inapplicable to the case at hand. See Sash v. Zenk, 344 F. Supp. 2d 376, 382 -383 (E.D. N.Y. 2004).

4